U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

OCT 2 7 2011

CLERK, U.S. DISTRICT COURT
by_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

VICTOR GARCIA,                        §
                                      §
            Petitioner,               §
                                      §
v.                                    §        No. 4:11-CV-096-A
                                      §
RICK THALER, Director,                §
Texas Department of Criminal          §
Justice, Correctional                 §
Institutions Division,                §
                                      §
            Respondent.               §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Victor Garcia, a state prisoner currently incarcerated in Beaumont, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

## I.  Factual and Procedural History

In November 2007 petitioner was charged by separate indictment with two counts of attempted aggravated kidnapping with a deadly weapon and one count of aggravated robbery with a deadly weapon in the Criminal District Court Number Three of Tarrant County , Texas.

(1Clerk's R. at 2; 2Clerk's R. at 2; 3Clerk's R. at 2)[1]  On August 5, 2008, petitioner waived a jury and entered open pleas of guilty to the charged offenses and true to the deadly weapon allegations. (RR, vol. 2 at 5-6; 1Clerk's R. at 24-29; 2Clerk's R. at 24-29; 3Clerk's R. at 20-25)   His sentencing was deferred pending preparation of a pretrial sentencing report (PSI).   Sentencing hearings were held on October 17, 2008, and December 22, 2008. Following the December 22 hearing, the trial court assessed petitioner's punishment at 20 years' confinement on each attempted aggravated kidnapping count and 60 years' confinement on the aggravated robbery count.  (State Habeas R. at 37-44)  Petitioner appealed, but the Second District Court of Appeals of Texas affirmed the trial court's judgments. *Garcia v. State*, Nos. 2-09-014-CR thru 2-09-016-CR, slip op. (Tex. App.-Fort Worth Oct. 15, 2009) (not designated for publication).  Petitioner did not file a timely petition for discretionary review in the Texas Court of Criminal Appeals challenging the convictions but did file a state application for writ of habeas, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal

---

[1]"1Clerk's R." refers to the clerk's record in trial court cause no. 1082871D; "2Clerk's R." refers to the clerk's record in trial court cause no. 1082873D; "3Clerk's R." refers to the clerk's record in trial court cause no. 1084878D.

Appeals without a hearing on the findings of the trial court. (State Habeas R. at cover)  This federal petition followed.

Petitioner was charged with the robbery and attempted kidnapping of Kiersten Booren with a deadly weapon, a flashlight, in Cause Nos. 1082871D and 1082873D and the attempted kidnapping of Naomi Ayala with a deadly weapon, a knife, in Cause No. 1084878D. (1Clerk's R. at 2; 2Clerk's R. at 2; 3Clerk's R. at 2)  The record reflects that on the night of September 1, 2007, petitioner and Jose Alberto Chavolla, his co-defendant, were drinking and using cocaine.  (Pet'r Mem. at 2; RR, vol. 3, at 9, 25)  The two decided to "pick up" a girl to rob and rape.  (RR, vol. 3, at 25-28)  Petitioner was the driver of the Tahoe they rode in.  (*Id.*, vol. 2, at 12)  The two followed Naomi Ayala home from downtown.  (*Id.* at 32)  As Ayala opened her car door, petitioner yanked it open, held a knife to her throat, demanded "come with me now, come with me now," and tried to pull her from the car.  (*Id.* at 32-33)  Chavolla was positioned at the passenger-side window of Ayala's car.  Ayala screamed her boyfriend's name, and he eventually came out of the house and chased the two men away.  Ayala was able to describe the men and the license plate number of the Tahoe to police.  (*Id.* at 34)  Ten to fifteen minutes later, petitioner and Chavolla stopped the Tahoe in the TCU campus area and approached Booren.  They asked

for her belongings, but all she had with her was a cell phone. (*Id.* at 9-12)  One of the men took her cell phone and punched her in the face, and they began to pull her toward an open door of the Tahoe.  (*Id.* at 12-13)  She dropped to the ground and refused to move.  She was then kicked on the left side of her body and struck by petitioner with a flashlight about the back and head.  (*Id.* at 13-13)  Booren's friends rounded the corner at that point and confronted petitioner and Chavolla, and the two fled in the Tahoe. (*Id.* at 14-15; State Habeas R. at 65-68)  A search of the Tahoe resulted in the seizure of the flashlight with dried blood on it, beer cans, a knife, two shotguns, stereo equipment, three cell phones (none of them Booren's) and other items.  (State Habeas R. at 67)

## II.  Issues

Petitioner raises the following general grounds for habeas relief:

(1)   Due process;

(2)   Judicial misconduct;

(3)   Defective indictment; and

(4)   Ineffective assistance of counsel.  (Pet. at 7-8; Pet'r Mem. at 1-18)

### III.   Rule 5 Statement

Respondent believes that petitioner has sufficiently exhausted his state court remedies as to the claims presents as required by 28 U.S.C. § 2254(b), except for one of petitioner's ineffective-assistance-of-counsel claims.   (Resp't Answer at 4)   However, notwithstanding a petitioner's failure to fully exhaust a claim in state court, a court may deny a petition on the merits.   28 U.S.C. § 2254(b)(2).

### IV.   Discussion

#### *Legal Standard and for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.   28 U.S.C. § 2254(d).   A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state

5

court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997.)

### *Due Process*

Petitioner claims the aggravated robbery indictment is void because there is no evidence to support Booren's testimony that a

6

robbery occurred in light of the fact that Booren's cell phone was never recovered.[2]   (Pet'r Mem. at 1)

The state habeas judge, who also presided at petitioner's plea and sentencing proceedings, entered findings consistent with Booren's testimony that petitioner and his co-defendant told her to give them her belongings, punched her in the face, struck her on the head with a flashlight, and took her cell phone.  (State Habeas R. at 91)   The court further found that petitioner pleaded guilty and judicially confessed to the offense.  (*Id.* at 90)   Under Texas law, an allegation of "no" evidence is cognizable on writ of habeas corpus because a conviction based "no" evidence violates due process.  (*Id.* at 97)   However, the sufficiency of the evidence in a guilty plea cannot be attacked through habeas because a guilty plea is "some" evidence to support the conviction.  (*Id.*)   Further,

_____

[2]Petitioner also argues under ground one that the state could not charge him with both aggravated robbery and attempted aggravated kidnapping during the same transaction.  This argument is an incorrect statement of the law.  Although the kidnapping and robbery of Booren occurred as part of a single criminal episode and shared the same aggravating factor-use or exhibition of a deadly weapon, they were distinct acts-restraining of the victim and theft of property-and constituted different offenses with unique elements of proof.  Whereas kidnapping requires restraint of the victim, robbery requires the taking of property. *See* TEX. PEN. CODE ANN. §§ 20.01(1),(2), 20.03(a), 29.02(a), 31.03(a) (Vernon 2003); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

under state law, a judicial confession or a stipulation of evidence provides sufficient evidence to sustain a conviction based on a guilty plea.  (*Id.*)  The habeas court concluded that the victim's testimony and petitioner's guilty plea were both "at least 'some' evidence" to support petitioner's conviction for aggravated robbery and that petitioner's judicial confession, alone, was sufficient evidence to sustain the conviction.  (*Id.* at 97, 111-16)  The Texas Court of Criminal Appeals denied relief on the habeas court's findings.

Petitioner has not shown that the state courts' adjudication of the claim is contrary to, or involves an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  *See Smith v. McCotter*, 786 F.2d 697, 703 (5th Cir. 1986)( providing habeas petitioners cannot challenge the sufficiency of the evidence after entering a guilty plea).  Indeed, a person who pleads guilty waives the right to challenge the sufficiency and reliability of the evidence, because the guilty plea itself stands as evidence against the petitioner.  *See Kelley v. Alabama,* 636 F.2d 1082, 1083 (5th Cir. 1981).  By entering a guilty plea, a petitioner waives his right to demand any constitutionally sufficient evidence to sustain

8

his conviction. *See United States v. Broce,* 488 U.S. 563, 569 (1989).

### Judicial Misconduct

Petitioner claims the trial judge engaged in misconduct by not withdrawing his guilty plea to the aggravated robbery charge after he expressed his desire to go to trial and in the absence of any physical evidence, assessing such a harsh sentence, and being prejudiced against him because he is a Hispanic male. (Pet. at 7; Pet'r Mem. at 5-8) The state habeas court found that the trial court based petitioner's guilt on his plea and judicial confession and that there was no evidentiary basis to support his assertion that the trial court was prejudiced against him based on his nationality. Based on its findings, the court concluded that the trial court properly found petitioner guilty based on his plea and judicial confession as a matter of state law and that petitioner had failed to prove misconduct on the part of the trial court. (State Habeas R. at 91, 98) The Texas Court of Criminal Appeals denied relief on the habeas court's findings.

Petitioner has not shown that the state courts' adjudication of the claim is contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the state court.   Due process mandates that an impartial judge preside over trial proceedings.   *Republican Party of Minnesota v. White,* 536 U.S. 765, 775-76 (2002); *Johnson v. Mississippi,* 403 U.S. 212, 216 (1971). However, petitioner waived a reporter's record of the plea proceeding and nothing in the documentary record of the proceeding or the reporter's record of the sentencing proceedings suggests the trial judge was prejudiced against petitioner because of his gender or race.   Without sufficient evidence in the record, bald assertions in a *pro se* habeas corpus petition are not considered to be of probative evidentiary value.   *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### Defective Indictment

Petitioner claims the aggravated robbery indictment in Cause No. 1082873D, one of Booren's cases, is defective because "it failed to prove all the elements of" the offense.   Petitioner also claims the indictment in Cause No. 1084878D, Ayala's case, was defective because it failed to allege a mental state and because there was no deadly weapon finding of a screwdriver or how it became a deadly weapon in the record as alleged in paragraph two. (Pet. at 7; Pet'r Mem. at 8-12; 3Clerk's R. at 2)   The state habeas court determined the indictment in Booren's case properly alleged

both a deadly weapon and a mental state.   (State Habeas R. at 91)
The court did not address the claim regarding the indictment in
Ayala's case because it was "not the complaint" in the state
application.  (*Id.* 91, 9-10)

The sufficiency of a state indictment is not a matter for
federal habeas review unless the indictment is so defective that
the convicting court lacked jurisdiction. *Yohey v. Collins,* 985
F.2d 222, 229 (5th Cir. 1993).  State law dictates whether a
state indictment is sufficient to confer a court with
jurisdiction. *Williams v. Collins,* 16 F.3d 626, 637 (5th Cir.),
*cert. denied,* 512 U.S. 1289 (1994).  A federal court need not
address the issue if the state courts have held that the
indictment is sufficient under state law. *McKay v. Collins,* 12
F.3d 66, 68 (5th Cir.), *cert. denied, Williams v. Scott,* 513 U.S.
854 (1994).  By denying the state application for habeas relief,
the Texas Court of Criminal Appeals "'necessarily, though not
expressly, held that the Texas courts have jurisdiction and that
the indictment is sufficient for that purpose'" in Booren's case.
*Id.* (quoting *Alexander v. McCotter,* 775 F.2d 595, 599 (5th Cir.
1985)).  Therefore, the sufficiency of that indictment is not a
matter for federal habeas review.

Petitioner's claim involving the indictment in Ayala's case

is frivolous.  Count one of the indictment, to which it appears
petitioner pleaded guilty, specifically alleges petitioner
"intentionally, with the specific intent to commit the offense of
aggravated kidnapping with a deadly weapon of Naomi Ayala, do an
act, to wit: grabbed her shirt, or exhibited a knife, or held a
knife to her neck, which amounted to more than mere preparation
that tended but failed to effect the commission of the offense
intended," and included a separate "Deadly Weapon Finding
Notice."  (3Clerk's R. at 2)  (emphasis added)  Petitioner
asserts he was convicted of "the second paragraph of the
indictment," wherein the deadly weapon was described as a
screwdriver, however there is no evidence to support his
assertion in the record.  To the contrary, the record indicates
he pleaded "NG" to paragraph two, implying a "not guilty" plea to
that count.  (3Clerk's R. at 2)

### Ineffective Assistance of Counsel

Petitioner claims his guilty pleas were rendered involuntary
as a result of his trial counsel's advice that he would be better
off going in front of the judge and that he knew the judge, had
many dealings with her in her courtroom, and felt he would get a
lesser sentence or probation from the judge.  (Pet'r Mem. at 13-
14)  Petitioner also claims counsel was ineffective by failing to

12

(1) investigate, (2) hire an investigator, (3) prepare for trial,
(4) seek a plea bargain, (5) advise him that he would be deported
if he entered guilty pleas, and (6) explain the element of
"intent" as to the aggravated robbery charge.  (Pet'r Mem. at 13,
16-18) Petitioner claims counsel was ineffective during the
punishment phase by failing to "object" to Booren's testimony
that she felt she was not being robbed but being kidnapped and to
protect his rights by using her testimony in his defense to prove
that he had no intent to rob Booren.  (Pet'r Mem. at 14-16; RR,
vol. 2, at 25)

A criminal defendant has a constitutional right to the
effective assistance of counsel at trial.  U.S. CONST. amend. VI.
To prevail on an ineffective assistance claim in the context of a
guilty plea, a defendant must demonstrate that his plea was
rendered involuntary by showing that (1) counsel's representation
fell below an objective standard of reasonableness, and (2) there
is a reasonable probability that, but for counsel's deficient
performance, he would not have pleaded guilty and would have
insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 56-59
(1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see
also Strickland v. Washington*, 466 U.S. 668, 687 (1984).  There
is a strong presumption that counsel's conduct fell within the

wide range of reasonable professional assistance.   *Strickland*, 466 U.S. at 688.

A voluntary, knowing, and intelligent guilty plea waives all nonjurisdictional defects in the proceedings against a defendant preceding the plea, including all claims of ineffective assistance of counsel that do not implicate the voluntariness of the guilty plea.   *See Beasley v. McCotter*, 798 F.2d 116, 118-19 (5th Cir. 1986); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).   Thus, before addressing petitioner's claims on the merits, it is necessary to determine whether his guilty pleas were voluntary, knowing, and intelligent.   A guilty plea is voluntary, knowing, and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea.   *See Brady v. United States*, 397 U.S. 742, 748 (1970).   If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review.   *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).   Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him.   *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979).   He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court,

14

prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id*. (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

Counsel responded to petitioner's allegations in a detailed affidavit filed in the state habeas proceedings. (State Habeas R. at 62-83) Counsel stated therein that he has practiced criminal law for 29 years, that he speaks the Spanish language almost daily in his practice, and that he takes steps to make sure a client understands him. Counsel stated that, after a client is indicted and an immigration hold placed on him, it is his practice to "discuss the deportation angle in detail" and that he explained the plea papers to petitioner and discussed his rights as stated in the plea form, including a warning about possible deportation, denial of permission to return to this country, and denial of naturalization. Counsel stated that he informed petitioner he thought each case was "provable" by the state based on victim and witness statements and evidence found in the Tahoe. Counsel stated that he conveyed the state's 50-year plea offer to petitioner who refused to accept the offer or make a counter-offer. Counsel stated that the only legal possibility for petitioner to get probation was to enter open pleas and hope for deferred adjudication from the trial judge,

although he did not believe probation was a realistic option
given the nature of the cases, petitioner's denial of guilt, and
petitioner's "undocumented alien" status.  Counsel stated that he
did not tell petitioner the judge would give him probation or
make any specific claims about what the judge might or might not
do, but he did recommend that petitioner enter open pleas because
he thought petitioner was more likely to get a lighter sentence
from the judge than from a jury and that petitioner would avoid
the possibility of "stacked" sentences.  Counsel stated that the
60-year sentence for aggravated robbery was much higher than he
expected, but petitioner "well knew the risk" and at no point
indicated that he wanted to withdraw his guilty pleas.

The state trial court entered factual findings based on
counsel's affidavit in conjunction with the documentary record
and concluded that petitioner had not overcome the presumption of
regularity with respect to guilty pleas under state law, that
petitioner was properly admonished regarding the consequences of
his guilty pleas and the full range of punishment for the
offenses, and that petitioner had failed to prove that his pleas
were not freely, voluntarily, and knowingly entered.  (State
Habeas R. at 95-96, 98-99)  The Texas Court of Criminal Appeals
denied relief on the habeas court's findings.

Petitioner has not shown that the state courts' adjudication of the issue is contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. Petitioner makes no specific reference to the state court's findings and makes no effort to rebut the presumptive correctness of the findings. *See* 28 U.S.C. § 2254(d)(1); *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002).

Nor does the record support petitioner's assertion that his pleas were rendered involuntary as a result of counsel's acts or omissions.  There is no evidence that petitioner's guilty pleas were in any way induced by misunderstanding, coercion, or misrepresentation on the part of trial counsel.  Moreover, although a reporter's record of the plea proceeding was waived, the documentary record reflects that petitioner entered his guilty pleas in open court and was advised by counsel and the trial court of his rights, waivers, and the full range of punishment for the offenses.  (State Habeas R. at 111-16) Petitioner executed the written plea admonishments in which he acknowledged that he understood the written plea admonishments,

17

that he was aware of the consequences of his pleas, including the possibility of deportation, that his pleas were knowingly, freely, and voluntarily entered, that no one threatened, coerced, forced, persuaded or promised him anything in exchange for his pleas, that he was "totally satisfied" with the representation received from counsel and that counsel provided "fully effective and competent representation," and he judicially confessed to committing the offenses as charged in the indictments. *See Blackledge*, 431 U.S. at 74; *Kelley v. Alabama*, 636 F.2d 1082, 1084 (5th Cir. 1981). Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74.

Petitioner's claims against counsel after the fact, in and of themselves, are insufficient to rebut the presumption that he received effective assistance of counsel, the presumption his pleas were knowing and voluntary, and the presumption of regularity of the state court records. *See United States v. Oliver*, 630 F.3d 397, 414 (5th Cir. 2011), *pet. for cert. filed*, —U.S.L.W. — (U.S. Jun. 24, 2011) (No. 11-5508); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same).

18

Counsel's obligation is to inform a criminal defendant of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo. *Libretti v. United States*, 516 U.S. 29, 50-51 (1995). Often a criminal defendant, even if he is unwilling or unable to admit his guilt, will agree to plead guilty to an offense, having been so informed by counsel, in order to avoid a potentially harsher sentence by a judge or jury. Such a decision on the part of a defendant does not render counsel's representation deficient or a plea involuntary. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *Brady v. United States*, 397 U.S. 742, 749-50 (1970). It appears counsel advised petitioner in good faith that he felt guilty pleas would result in lighter sentences based on his experience in the trial court. As such, counsel's advice did not strip petitioner's pleas of their voluntary nature. Having determined petitioner's pleas were knowing and voluntary, all claims of ineffective assistance of trial counsel preceding the plea were waived.

Petitioner's remaining claims of ineffective assistance are meritless. He claims counsel violated his right to a fair trial by failing to object and/or stop the sentencing hearing and move to withdraw his guilty plea as to the robbery charge and to

dismiss the indictment based on Booren's testimony that she was

not being robbed, but being kidnapped, which was proof that he

did not intend to rob Booren and that no robbery ever occurred.

(Pet'r Mem. at 14; State Habeas R. at 11) Counsel responded to

the allegation as follows:

> I do not recall a statement allegedly made by Ms.
> Booren that she thought she was being robbed, but not
> kidnapped. My notes say that she said she thought the
> two men were trying to force her into the SUV, which
> would constitute "kidnapping" even if she thought it
> was a robbery taking place, because it is the
> perpetrators' intentions, that defines the offense.
> Therefore, there was no legal basis to "stop the
> proceeding" and ask to change my client's plea on that
> attempted kidnapping case, and it would certainly not
> be a basis to dismiss the robbery indictment. I did
> not fail to protect my client's right to a fair trial
> on this basis or on any other of which I am aware.

(State Habeas R. at 82)

Based on counsel's testimony, the state habeas court found

that there was no legal basis to stop the proceeding and that

counsel did not request petitioner be allowed to withdraw his

plea or move to dismiss the aggravated robbery indictment because

the victim's testimony supported the conviction. (*Id.* at 95)

Absent any legal or evidentiary basis, the court concluded

petitioner had failed to show that there is a reasonable

probability that the outcome of the proceeding would have been

different had counsel objected to the victim's statements or

20

requested the hearing be stopped.   (*Id.* at 101)

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of the state court's factual findings.   Thus, applying the presumption of correctness, the state courts' denial of the claim is not contrary to, or involve an unreasonable application of, *Strickland.* Counsel is not required to make frivolous objections or motions.   *Johnson v. Cockrell,* 306 F.3d 249, 255 (5th Cir. 2002); *Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir. 1990).

In summary, the record supports the state courts' determination of the issues presented in this federal proceeding. The state courts' adjudication of the claims is not contrary to or involve an unreasonable application of federal law in light of the record as a whole.   Accordingly, it is entitled to deference and the presumption of correctness.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for

the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED October __27__, 2011.


_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE